# Phillips *v.* Phillips.

## *Divorce.*

(Decided February 1, 1912.   Rehearing denied April 25, 1912.
58 South. 252.)

*Divorce; Grounds; Pleading and Proof.*—A divorce cannot be decreed or granted upon any other ground than those alleged in the bill.

APPEAL, from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Bill by Jackson Phillips against Adeline Phillips, for divorce. From a decree granting the relief prayed, respondent appeals. Reversed and rendered.

WILLIAM HUGH MCENERY, for appellant. The testimony did not support the averments that the respondent left complainant.—Subd. 3, sec. 2793, Code 1907. The abandonment must be voluntary.—*Hanberry v. Hanberry,* 29 Ala. 719; *Gray v. Gray,* 15 Ala. 779; *Jones v. Jones,* 113 Ala. 145.

MATHEWS & MATHEWS, for appellee. This court has only appellate jurisdiction, and is bound by the finding of facts in equity cases.—*State v. Flinn,* Miner, 8; *Johnson v. Atwood,* 2 Stew, 225; Sec. 140, Constitution

[Compton, et al. v. Gilder, County Superintendent.]

1901; *Moog v. Farley,* 79 Ala.    The evidence justified the finding of the chancellor that there had been an abandonment.—15 Ala. 782; 13 Ala. 145.

SIMPSON, J.—The bill in this case is filed by the appellee, seeking a divorce from the appellant, on the ground of abandonment.    The abandonment is denied by the answer, and the evidence fails to show that the respondent abandoned the complainant.

The divorce cannot be decreed on any other grounds than those alleged in the bill, and whatever may have been the cause the evidence tends to show that the complainant abandoned the respondent.    Whether he had just cause for abandoning her is not a question to be determined in this case, as a justification for his abandonment of her could not constitute an abandonment by her.

The decree of the court is reversed; and a decree will be here rendered dismissing the bill without prejudice.

Reversed and rendered.

All the Justices concur, save DOWDELL, C. J., not sitting.